IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| INTERMODAL EQUIPMENT LOGISTICS, LLC. SEA TRAIN LOGISTICS, LLC | § § § § | |
| VS. | § | CIVIL ACTION NO. G-10-458 |
| HARTFORD ACCIDENT AND INDEMNITY COMPANY | § § § § | |

## OPINION AND ORDER

Before the Court is the "Motion for Leave to File Plaintiff's First Amended Complaint" filed by Plaintiff, Intermodal Equipment Logistics, LLC Sea Train Logistics, LLC (IEL) on November 14, 2012; the Motion is strongly opposed by Defendant, Hartford Accident and Indemnity Company (Hartford). The Court has reviewed previous relevant portions of the file, the proposed complaint and the Parties briefing and now issues this Opinion and Order.

In its Motion, IEC states, somewhat deceptively, that it "merely wishes to clarify the factual background and satisfy the requisite factual basis (sic) for Defendant's alleged violations of the Texas Insurance Code and Deceptive Trade Practices Act under the federal rules" . . . and to "articulate the precise misconduct" alleged under the Texas statute. IEL's proposed amended complaint, however, does quite a bit more. As Hartford pointed out in its response, IEL has also inserted several new claims, an accusation IEL readily admits as true in its reply. In its defense, IEL argues that, although discovery has been closed, its proposed complaint should come as no surprise to Hartford because it simply conforms the pleading to the evidence and abandons those claims previously dismissed by the Court. While the Court concedes, as Hartford argues, that

undue delay, bad faith or dilatory motive will, if present, provide grounds for denial of leave to amend, prejudice to the Defendant is the "touchstone of the inquiry under Rule 15(a)." <u>Loan Star Ladies Investment Club v. Schlotzsky's, Inc.</u>, 238 F.3d 363, 368 (5th Cir. 2001) (<u>quoting</u> <u>Lowery v. Texas A&M University Systems</u>, 117 F.3d 242, 246 (5th Cir. 1998)   With this guidance and under these circumstances, the Court feels compelled to individually address the changes it has identified within the First Amended Complaint to determine what proposed amendments, if any, should be allowed.  <u>See</u> <u>Garfield v. NDC Health Corp.</u>, 466 F.3d 1255, 1271 (11th Cir. 2006) (Court may place restrictions on the right to amend) <u>see</u> <u>also</u>, <u>Chicago Pneumatic Tool Co. v. Hughes Tool Co.</u>, 192 F.2d 620, 631 (10th Cir. 1951) ("It lay well within the range of sound judicial discretion of the Court to allow the amendment in toto, to deny it altogether, or to permit it with reasonable conditions and limitations.")

### IEL'S AMENDED FACTS

Hartford opposes IEL's tardy, excessive and inflammatory proposed factual allegations. This Court agrees that the allegations read like an aggressive opening statement or closing argument, but it sees little harm in allowing them to stand.  These same allegations have been made by IEL for months.  In fact, it appears that most of them were "cut" from IEL's prior briefings and simply "pasted" into the proposed complaint.  This Court was certainly not surprised by them, even though they seem excessive since the case is no longer in the stage where pleading deficiencies are relevant.  In addition, the factual allegations in a complaint will not ordinarily be useful to a plaintiff at trial since they constitute hearsay.  On the other hand, portions of the factual allegations can be admitted against the plaintiff as admissions by a party opponent under the

hearsay "exception" recognized by Rule 801(d)(2).[1]  <u>Aumand v. Dartmouth Hitchcock Medical Center</u>, 611 F.Supp. 2d 78, 84 (D. N.H. 2009)   Moreover, Hartford can avoid any perceived misuse of the allegations through a Motion in Limine requiring IEL to approach the bench with a proffer before any desired use of the factual allegations before the jury.  <u>Id</u>. at 85

### <u>IEL'S NEW CLAIMS</u>

The most conspicuous "new" claims asserted in the proposed amended complaint are the five claims asserted under the previously omitted Section 542.003 of the Texas Insurance Code.  While Hartford's initial reaction is understandable, this Court has had an unusually active involvement in the evolution of this case and a close examination of these claims reveal that only one seems truly new to this litigation.  The claims IEL seeks to pursue under §§542.003(b)(1) and (b)(4) are all but identical to the claims originally asserted under §§541.060(a)(1) and (a)(2)(A); there is no prejudice to Hartford in allowing these claims.  Cf.  <u>Harrison v. Rubin</u>, 174 F.3d 249, 253 (D.C. 1999) (No prejudice in granting a motion to amend adding a new statutory claim when "(c)laims and defenses under the two statutes are virtually identical.")   Indeed, it seems doubtful they add anything to this litigation.  The claim under §542.003(b)(3), addressing Hartford's standards for investigating claims, has long been a major thrust of IEL's case, in fact, a substantial portion of the deposition of Hartford's corporate representative, Peter Gallagher, which this Court read in its entirety during a discovery dispute, dealt with this very topic; Hartford can hardly claim

---

[1] Hartford expressly does not oppose IEL's Motion insofar as it seeks to delete the previously dismissed claims, but the Court notes, in passing, that a Plaintiff's decision to amend its complaint to delete claims cannot ordinarily be used to impeach the Plaintiff's credibility on the theory that its allegations have changed over time. <u>L'Etoile v. New England Finish Systems, Inc.</u>, 575 F.Supp. 2d 331, 339-40 (D. N.H. 2008)

surprise or prejudice as to this claim. And, Hartford's challenge to IEL's claim under §542.003(b)(5), that IEL was compelled to file suit due to Hartford's substantially low settlement offer rings hollow. Hartford's offer of approximately $200,000.00 proved to be $700,000.00 below IEL's "recovery" under the policy. Of course, IEL's demand of approximately $1,700,000.00 proved to be excessive, but a reasonable jury could believe that it was Hartford's intransigence that caused IEL to resort to the courts. After all, IEL could hardly be expected to simply abandon over 75% of its claim just to avoid litigation.[2]

The Court does agree with Hartford's argument that IEL's claim under §542.003(b)(2), is intolerably new. Throughout the handling of numerous hearings and discovery disputes and the resolution of Hartford's summary judgment motion, this Court has never been aware of any allegations that Hartford was failing to promptly acknowledge communications from IEL. Rather, IEL's only apparent complaint has been that Hartford was not persuaded by its communications, which is clearly not the same thing, notwithstanding the amount of the appraisal award. This claim cannot now be allowed to go forward since discovery as to its merits is now precluded.

Finally, Hartford argues that IEL's attempt to add a claim for tort damages resulting from independent injuries to IEL should be denied. This Court respectfully disagrees. Throughout the pendency of this case, especially its "bad faith phase," IEL has made it clear it is seeking such damages. In fact, Hartford specifically sought to depose IEL's representative, Jim Perouty, on numerous aspects of IEL's claim for these damages. In its objections to Hartford's deposition

---

[2] This is not a case like Robinson v. State Farm Fire & Casualty Co., 13 F.3d 160, 162 (5th Cir. 1994), wherein the Court determined that in light of Plaintiff's $34,3063.25 recovery that it was Plaintiff's excessive demand of $164,395.54, not State Farm's law offer of $26,261.02, which "compelled" Plaintiff to institute suit.

notice, IEL even expressly agreed to "present Mr. Perouty on the independent injuries IEL sustained based on Hartford's conduct to date." Hartford can hardly claim surprise, cognizable prejudice, or a need to reopen discovery to address this claim.

For the foregoing reasons, it is **ORDERED** that Plaintiff's "Motion for Leave to File Plaintiff's First Amended Complaint" (Instrument no. 50) is **GRANTED in part and DENIED in part**.

It is further **ORDERED** that the Plaintiff **SHALL**, <u>on or before</u> **January 18, 2013**, file its First Amended Complaint in conformity with this Opinion and Order.

**DONE** at Galveston, Texas, this _____10th_____ day of January, 2013.

_____
John R. Froeschner
United States Magistrate Judge